**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4430**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DEMARIO CORTEZ GLADDEN,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge. (1:14-cr-00402-WO-1)

_____

Submitted:  January 28, 2016          Decided:  February 9, 2016

_____

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demario Cortez Gladden appeals his conviction and sentence of 84 months of imprisonment for brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal. Gladden has filed a pro se supplemental brief arguing that the evidence was insufficient to convict him and that law enforcement officials committed entrapment. We affirm.

A guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." United States v. Fisher, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Gladden neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Our review of the record reveals that the district court fully complied with

2

Rule 11 in accepting Gladden's guilty plea after a thorough hearing. Accordingly, we conclude that his plea was knowing and voluntary, see Fisher, 711 F.3d at 464, and thus "final and binding," see United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review Gladden's sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We have reviewed the record and conclude that the court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. Furthermore, Gladden's sentence of 84 months was exactly as recommended by the Guidelines and was the statutory mandatory minimum sentence. Therefore, we conclude that Gladden's sentence is reasonable.

Gladden's guilty plea forecloses his claims of insufficient evidence and entrapment.  See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Gladden's conviction and sentence.  This court requires that counsel inform Gladden, in writing, of the right to petition the Supreme Court of the United States for further review. If Gladden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gladden.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED